UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------x
UNITED STATES OF AMERICA,

                                                     MEMORANDUM AND ORDER

       -against-                                    08 CR 559 (S-6) (CBA)

ANTHONY ANTICO,

                Defendants
-----------------------------------------------x

AMON, J. UNITED STATES DISTRICT JUDGE

The defendant, Anthony Antico ("Antico"), requests the Court to order the immediate disclosure of the identities of John Does #1 and #2 (the "John Does") as named in Racketeering Acts One and Four, respectively, in the Sixth Superseding Indictment. Antico's request is denied.

Under <u>United States v. Cannone</u>, 528 F.2d 296, 299-301 (2d Cir. 1976), a district court may exercise discretion to compel, or deny, pretrial disclosure of the identity of government witnesses. Subsequent cases establish that a district court may decline to order the disclosure of the identities of victims of racketeering acts where the government sets forth specific reasons why such a request should be denied. <u>See</u>, e.g., <u>United States v. Gammarano</u>, No. 06-CR-0072 (CPS), 2007 WL 207735, at *12 (E.D.N.Y. Jul. 18, 2007) (noting the "documented history of violence" of the Gambino organized crime family and finding "the nature of the offense is sufficiently clear and limited such that there is no need to identify" the John Doe victim of an attempted extortion); <u>United States v. Gotti</u>, No. 02-CR-743 (S-4) (RCC), 2004 WL 32858, at *9 (S.D.N.Y. Jan. 6, 2004) (denying disclosure of the identities of co-conspirators, witnesses and victims because the "Government has a legitimate concern about the safety of those individuals

it intends to call at trial"); United States v. Sindone, No. 01-CR-517, 2002 WL 48604, at *1 (S.D.N.Y. Jan. 14, 2002) (denying request for bill of particulars that would identify alleged co-conspirators and victims).

Antico argues that he cannot mount an effective defense without learning the identities of John Does #1 and #2. The government, meanwhile, has advanced specific reasons that the request should be denied, including the fact that Antico has previously pled guilty to witness tampering and that he is charged with serving as a captain of the notoriously violent Genovese crime family (an organization with a history of obstructing justice). As more fully described in this Court's Memorandum and Order authorizing an anonymous and partially sequestered jury, these are serious concerns that militate against disclosure of the alleged victims' identities too far in advance of trial.

Further, although the government has not disclosed the names of the John Does, it has provided other information to Antico. The government has identified John Doe #1 as "an owner of a delicatessen located on Arthur Kill Road in Staten Island, New York, who was forced in or about and between 1996 and 1997 to sell his interest in the delicatessen to individuals affiliated with John Giglio". John Doe #2 is identified as "an individual who won $1.6 million in the "Pick Six" horse-racing lottery" and the conspiracy to extort John Doe #2 is alleged to have occurred between June and July 2008. The nature of these offenses is sufficiently clear that "there is no need to identify either John Doe . . . in order to alert [Antico] about the specific offense with which he is charged and prevent surprise." Gammarano, 2007 WL 2077735, at *12.

Accordingly, Antico's request for the immediate disclosure of the identities of John Does #1 and #2 is denied. The government shall be prepared to disclose the full identities of the

victims and their Section 3500 material no later than four days prior to the commencement of trial.

SO ORDERED.

Dated: Brooklyn, New York
      June 11, 2010                                  /s/ Carol Bagley Amon
                                                           _____

                                                           Carol Bagley Amon
                                                           United States District Judge