UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------x

UNITED STATES OF AMERICA,              :

       -against-                                    :         08 Cr. 559 (S-6) (CBA)

ANTHONY ANTICO,                              :

       Defendant.                                 :

-------------------------------------------------------x

## DEFENDANT ANTHONY ANTICO'S REPLY MEMORANDUM REGARDING SENTENCING

Gerald J. McMahon, Esq.
*Attorney for Defendant Antico*
The Standard Oil Building
26 Broadway, 18th Floor
New York, New York 10004

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------x

UNITED STATES OF AMERICA,                :

       -against-                              :        08 Cr. 559 (S-6) (CBA)

ANTHONY ANTICO,                                :

       Defendant.                                :

-------------------------------------------------------x

## Introduction

Defendant Anthony Antico submits this memorandum in reply to The Government's Memorandum Regarding Sentencing, dated October 29, 2010 ("Govt Memo"). Contrary to the government's argument, the acquitted conduct (Antonelli Robbery and Serafino Extortion) was not proven even by the lower standard of preponderance of the evidence, and there is no basis for a four level upward Guideline adjustment for role in the offense. Additionally, Antico **is** entitled to a Guideline downward departure for his advanced age and poor health. In any event, considering the factors in 18 U.S.C. § 3553(a), the appropriate sentence for the conduct that defendant was convicted of is a year and a day in jail followed by supervised release.

This memorandum is also submitted in response to the Addendum, dated November 3, 2010, to the Pretrial Services Report ("PSR").

POINT I

DEFENDANT MAY NOT BE, AND SHOULD NOT BE,
PUNISHED BASED ON THE ACQUITTED CONDUCT

While recognizing that this Court is bound by United States Supreme Court and Second Circuit precedent, defendant Antico strongly believes that punishing him for acquitted conduct violates his Fifth Amendment Double Jeopardy and Due Process rights and his Eighth Amendment right not to be subjected to Cruel and Unusual Punishment.

Having said that, this Court should adopt the position of District Judge John F. Keenan when faced with a similar request from the government:

> The Government motion for an upward departure is based on acquitted conduct and uncharged allegedly relevant activity. The Government argues that I may consider acquitted conduct if such conduct is established by a preponderance of the evidence. *United States v. Watts*, 519 U.S. 148 (1997); *United States v. SKW Metals and Alloys, Inc.*, 195 F.3d 83 (2d Cir. 1999). The operative word is "may", not "shall" or "must".
> (....)
> I decline to increase the offense level because of the acquitted and uncharged conduct. The various juries had their reasons to acquit and I am not going to revisit those cases and mentally calibrate whether the prosecution had the better of them by a fair preponderance of the evidence. On the uncharged shooting, the state prosecutor saw fit not to charge. Although I was a prosecutor for many years, I have been a judge for a few more. My ultimate sentence here will serve the ends of justice.

*United States v. Slaughter*, 2006 U.S. Dist. LEXIS 25075, at *5-6 (S.D.N.Y., April 28, 2006).

Even if the Court were inclined to consider the acquitted conduct in this case, defendant submits that it was not proven at trial, even by a preponderance of the evidence. With regard to the Antonelli robbery, three facts are decisive: first, the only witness who

2

implicated defendant in the crime – "Sally Fish" Maniscalco – omitted any mention of Antico when he described the crime to the government in his first proffer session. Second, the only witness who could have corroborated Maniscalco's story – Anthony Memoli – risked the wrath of Federal prosecutors by appearing pursuant to a writ and flatly denying that he set up any meeting between Antico and Maniscalco. Memoli's trial testimony confirmed his earlier statements to FBI agents, a fact which was not disclosed to the defense until the trial was almost over. Third, the government's claim of motive is disingenuous, at best. The government argues that "Antonelli was an associate of the Genovese crime family who failed properly to 'kick up' to Antico during the time Antico was incarcerated". Govt Memo, at 6. Notably, the government never claimed at trial that Antoneli was a Genovese associate; simply a victim. They never even proffered, much less proved, that Antonelli committed any crimes with, or on behalf of, Antico or any other organized crime figure for that matter. As "corroboration" for the claim that Antico had a motive to rob Antonelli because he didn't pay a commission for jewelry sold at the gambling club, the government argued:

> ... it established Antico's motive for the Antonelli robbery – as retribution for Antonelli's failure to pay tribute to his mafia superiors. The defendant's ominous words – "Wait for me, Joe" – foreshadowed the botched daylight robbery that would occur just 10 months after Antico was released from prison in June 2007.

Govt Memo, at 9. What defendant **actually** said was: "Wait for me, Joe. We'll be taking a lot of trips to that store." (GX 136). It's obvious that Antico was telling his friend that when he got out of jail they would be going to the jewelry store Antonelli worked out of to get

3

merchandise at a discounted price. By leaving out the second sentence, the government totally distorted the meaning of the earlier sentence. We realize that the government is anxious to punish defendant for not cooperating, but distorting his words to make a phony argument is simply unacceptable.

    The government fares little better with its claim of having proven the Serafino extortion by a preponderance of the evidence. To begin with, and most telling, the government made no attempt to call the alleged victim (Serafino) to testify in the grand jury or at trial. The government has the ability to immunize a witness and compel testimony. It failed to do so, but nonetheless wants this Court to punish Antico for having extorted a "victim" it refused to present to the jury or the Court. Additionally, as Khan's testimony made clear, and as defense counsel argued to the jury, there was no extortion; simply the legal sale of a business with the assistance of lawyers for each party.

POINT II

A FOUR LEVEL AGGRAVATING ROLE
ADJUSTMENT IN THE GUIDELINE
OFFENSE LEVEL IS NOT WARRANTED

The government argued in its sentencing memorandum that a four level upward adjustment in defendant's Guideline offense level was warranted "in light of Antico's leadership role in the Genovese crime family as well as in each of the charged predicates." Govt Memo, at 18. The Probation Department originally did not agree (see PSR: ¶ 81), but changed its mind after receiving the government's submissions (see Addendum: ¶ 106). For at least five compelling reasons, the government and probation are wrong:

1. As recently as August 12, 2009 (Probation Department) and March 24, 2010 (United States Attorney's Office for the Eastern District of New York), the government and probation both took the position that no aggravating role adjustment was warranted for Antico for his role in the Pick 6 extortion and the Genovese family enterprise. In the PSR for the Antico-Barrafato case (the relevant portion of the PSR is appended hereto as Exhibit A), the Probation Department concluded that a "2-level aggravating role adjustment" was appropriate for Barrafato (Exhibit A, PSR: ¶ 22) and that "[n]either an aggravating or mitigating role adjustment is appropriate for Antico" (Exhibit A, PSR: 21). When Barrafato objected to that upward adjustment, the government responded in a letter brief dated March 24, 2010 (appended hereto as Exhibit B). AUSA John Buretta wrote:

5

> The defendant's reference to his co-defendant's [Antico] sentence of 20 months' imprisonment is also unpersuasive. (....) Finally, defendant Barrafato's role in the offenses merits a much more substantial sentence than was imposed on Antico.

Exhibit B, at 3.

    2. The trial testimony showed that defendant's involvement in the Sand Lane gambling club was minimal and, if anything, ineffective. Government witnesses testified that the club was run by Bonnano figure "Joe Beans" Campanella, assisted by "Dee Dee" Antico, the defendant's brother. Antico's efforts to have people he was associated with (*e.g.*, Giglio) continue to play cards there were flatly rebuffed and the club soon closed. The government's argument, that Anthony Antico had a leadership role with respect to that club is, quite simply, ludicrous.

    3. The government's claim that Antico is a "captain" in the Genovese family is undercut by the fact that it has never identified any individuals, other than one alleged soldier (Giglio) and one alleged associate (Barrafato), whom he supervises. The prosecutors have argued, *ad naseum*, that the Genovese family is the largest organized crime family. How is it possible, then, for a *capo* in that family, to have a crew of two, one of whom spends a great deal of time talking to his dog, Sparky?

    4. The government is quick to point out that Antico must be a captain because Giglio is overheard on wiretaps saying that "he needed money in order to kick up his monthly payment to Antico." Govt Memo, at 19. The government well-knows, however, that "wise guys" say things all the time that aren't true, especially when they're trying to collect money.

6

Talk is always cheap. The truth is that Giglio never gave any money to Antico in jail, and the government has no evidence that he ever gave any money to Antico's family on his behalf. No evidence is certainly not a preponderance of the evidence.

5. Even if this Court were to consider Antico a captain or acting captain, an aggravating role adjustment is still not warranted because "actual decision-making authority" is what's important, not titles such as "boss". See *United States v. Gotti*, 459 F.3d 296, 349-350 (2d Cir. 2006) (affirming district court's decision not to impose four level leadership role enhancement on Peter Gotti). Mindful that Barrafato led the Pick 6 extortion conspiracy, and Antico's limited and ineffectual involvement in the Sand Lane card game, the government has not shown by a preponderance of the evidence that a leadership role adjustment is warranted.

POINT III

ANTICO IS ENTITLED TO A DOWNWARD
DEPARTURE BASED ON AGE AND POOR HEALTH

Both the government (Govt Memo, at 23-25) and probation (Addendum: ¶ 178) argue that Antico's poor health and age should not be considered a mitigating factor. Their positions are effectively undermined by representations that each recently made to a district judge in this courthouse. In the August 12, 2009 PSR for the Antico-Barrafato case, probation wrote:

> The defendant has multiple, chronic health problems, which are outlined in the Physical Health section of the report, and may be considered a

7

mitigating factor with regard to sentencing.

Exhibit A, PSR: ¶ 109. As part of the same sentence proceeding, the government wrote:

> Co-defendant Antico received a relatively low sentence because of his advanced age and health issues. Defendant Barrafato, however, cannot and does not claim any similarities to Antico in this respect.

Exhibit B, at 3. Antico's health has not improved in the last year, and he has certainly not gotten younger. This about-face by the government and probation is unjustified.

## CONCLUSION

For all the foregoing reasons, the Court should sentence Anthony Antico to a year and one day in prison, to be followed by a term of supervised release.

Dated: New York, New York
       November 8, 2010

_____
Gerald J. McMahon, Esq.
*Attorney for Defendant Anthony Antico*
The Standard Oil Building
26 Broadway, 18th Floor
New York, New York 10004
212.797.1877
gm@geraldjmcmahon.com


To:   All Counsel
        (by ECF)


doc801

8

# EXHIBIT A

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| vs. | ) | PRESENTENCE INVESTIGATION REPORT |
| | ) | |
| ANTHONY ANTICO | ) | DOCKET NO. 08-CR-865-01 |

**Prepared for:**   The Honorable Frederic Block
                    Senior United States District Judge

**Prepared by:**    Roberta Houlton
                    United States Probation Officer

<u>**Assistant U.S. Attorney**</u>           <u>**Defense Counsel**</u> (Retained)
John D. Buretta, Esq.                       Mathew J. Mari, Esq.
Nicole M. Argentieri, Esq.                  110 Wall Street, 11th Floor
                                            New York, New York 10005
                                            (212) 227-5335

**Sentence Date:**          November 13, 2009 @ 4:00 p.m.

**Offense:**                18 U.S.C. §§1962(c), and 1963, RACKETEERING, a Class C felony.

**Arrest Date:**            December 9, 2008

**Release Status:**         In custody since arrest

**Detainers:**              None.

**Other Defendants:**       Joseph Barrafato, Jr. - Awaiting Sentencing

**Date Report Prepared:**   August 12, 2009

John Doe #3, and John Doe #4. Neither an aggravating or mitigating role adjustment is appropriate for Antico.

22. Joseph Barrafato, Jr. - was arrested on December 9, 2008, at his residence in Brooklyn, without incident. He made no post arrest statements. With regard to Racketeering Act One, Barrafato, an associate of the Genovese Crime Family, was intercepted in wiretap telephone conversations planning the robbery of John Doe #1. Barrafato planned the robbery, and discussed involving at least three other participants. Per Guideline 3B1.1(c), Barrafato receives a 2-level aggravating role adjustment for organizing and leading a criminal activity. With regard to Racketeering Acts Two, Three, and Four, **Antico**, a captain within the Genovese Crime Family, and Barrafato were captured in intercepted telephone conversations, discussing the extortion of John Doe #2, John Doe #3, and John Doe #4. Neither an aggravating or mitigating role adjustment is appropriate for Barrafato with respect to these acts.

RH

## Adjustment for Obstruction of Justice

23. The probation officer has no information to suggest that the defendant impeded or obstructed justice.

## Adjustment for Acceptance of Responsibility

24. The defendant pleaded guilty and notified the Government of his intention to do so in a timely manner. Upon the request of Defense Counsel, no questions were asked regarding the defendant's participation in the instant offense. Nevertheless, since the defendant pled guilty, sparing the Government the burden of preparing for trial, an adjustment for acceptance of responsibility is deemed warranted.

## Offense Level Computation

25. Per *United States v. Booker*, 543 U.S. 220 (2005), the Sentencing Guidelines must be consulted, but are advisory.

26. The defendant was convicted of Count One (Racketeering). The guideline for the instant 18 U.S.C. § 1962(c) offense is 2E1.1(a)(2), which provides that the base offense level be determined by the underlying racketeering activity. Application Note 1 of the Commentary to Guideline 2E1.1 states that, "where there is more than one underlying offense, treat each underlying offense as if contained in a separate count of conviction for the purposes of subsection (a)(2)."

21

## PART E. MITIGATING AND AGGRAVATING FACTORS FOR THE COURT TO CONSIDER

109. The defendant has multiple chronic health problems, which are outlined in the Physical Health section of the report, and may be considered a mitigating factor with regard to sentencing.

RESPECTFULLY SUBMITTED:

EILEEN KELLY
CHIEF U.S. PROBATION OFFICER

Prepared by:

_____
Roberta Houlton
U.S. Probation Officer
347-534-3731

Approved by:

_____
Carol Sewell Rhoden
Supervising U.S. Probation Officer
347-534-3727

# EXHIBIT B



**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

*271 Cadman Plaza East*

*Brooklyn, New York 11201*

March 24, 2010

By ECF and Facsimile

The Honorable Frederic Block
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

    Re:  United States v. Joseph Barrafato, Jr.
         Criminal Docket No. 08-865 (FB)

Dear Judge Block:

    The government respectfully submits this letter in opposition to the defendant Joseph Barrafato's sentencing submission, dated March 21, 2010.

    The defendant's submission is contrary to his plea agreement with the government.  In that plea agreement, the defendant (1) stipulated to the four level role organizer/leader enhancement he now challenges, (2) agreed to imposition of a sentence within that applicable Guidelines range using an organizer/leader enhancement, and (3) agreed not to advocate a sentence below 41 months' imprisonment, contrary to his current contention that a sentence of no more than 24 months' imprisonment is appropriate.  In any case, consideration of the applicable sentencing factors reveals that the defendant's claims are substantively without merit.

Role

    In paragraph two of his plea agreement, the defendant "stipulate[d] to the above Guidelines calculation."  See Exhibit A hereto.  That calculation specifically provided a four level organizer/leader enhancement pursuant to U.S.S.G. § 3B1.1(a). Id.  That stipulation - part of a bargained for contract between the parties - is binding on the defendant.

    In derogation of that stipulation, the defendant now claims the enhancement does not apply, and appears even to suggest that the enhancement is newly minted by the government.  As noted above, this is not the case.  There is a factual basis

2

for the enhancement, and the defendant specifically so stipulated in his plea agreement.

The defendant's new claim that the government cannot request the role enhancement because the government wishes to keep confidential the identity of one of the participants in the defendant's robbery plan, and that the government otherwise somehow waived this argument, is also without merit. Whether the identity of that individual is named or not, the individual was a participant, and there was no waiver, as the defendant and the government stipulated to the factual basis for this enhancement in a written plea agreement. See Ex. A, ¶ 2 ("The defendant stipulates to the above Guidelines calculation.").

<u>Consideration of 18 U.S.C. § 3553(a) Factors</u>

The defendant further asserts that consideration of the various applicable sentencing factors favors a "non guideline sentence of no more than 24 months' imprisonment." This argument also is in violation of the defendant's plea agreement, and is otherwise without merit.

In paragraph 2 of his plea agreement, the defendant "stipulates that a sentence within the range of 41 to 51 months' imprisonment is the appropriate sentence." <u>Id</u>. The defendant "further agree[d] not to advocate a sentence below 41 months' imprisonment pursuant to the Guidelines (including but not limited to downward departure bases or other mitigating factors), consideration of 18 U.S.C. § 3553(a), or by any other means." <u>Id</u>. The defendant's current arguments directly violate these provisions, and should be rejected.

Moreover, even giving consideration to the defendant's arguments, there is no persuasive basis for imposition of a sentence below 41 months' imprisonment. As reflected by the defendant's guilty plea and the Pre-Sentence Investigation Report, the defendant engaged in a pattern of intimidation and threatened violence against vulnerable debtors in the community, and planned additional violence, including a conspiracy to rob an individual in the community of his lottery winnings. During his guilty plea, Mr. Barrafato outlined the threats of violence, and use of a firearm, contemplated for the robbery:

> Well, if I had a gun, I'd like go into him and tell him, "Look. If you don't give me money, I'll slap you or something."

Plea, page 53.

3

These are serious crimes of violence, even if the violence itself was never inflicted, and they highlight the danger the defendant poses, and the need for deterrence and incapacitation.

The defendant's reference to his co-defendant's sentence of 20 months' imprisonment is also unpersuasive. Co-defendant Antico received a relatively low sentence because of his advanced age and health issues. Defendant Barrafato, however, cannot and does not claim any similarities to Antico in this respect. Further, Antico's plea and sentence did not encompass the robbery conspiracy as to which Barrafato acknowledged guilt – a very serious crime of violence by Barrafato that also, in another important respect, readily distinguishes the sentencing treatment of Antico and calls for a much more significant sentence as to Barrafato. Finally, defendant Barrafato's role in the offenses merits a much more substantial sentence than was imposed on Antico.

Accordingly, the government requests that the Court adopt the Sentencing Guidelines' calculation in the plea agreement between the parties, and impose a sentence of no less than 41 months' imprisonment.

Respectfully submitted,

BENTON J. CAMPBELL
United States Attorney

By: /S/ John Buretta
John Buretta
Nicole Argentieri
Assistant U.S. Attorneys
(718) 254-6314/6232

Encl.

cc: Joseph Wallenstein, Esq. (By ECF)